**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| In re: ) | |
| Building Materials Corporation of America ) | |
| Asphalt Roofing Shingle Products Liability ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, ) | |
| _____) | |
| ) | |
| John Green, on behalf of himself and ) | |
| all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 8:12-cv-00088-JMC |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant GAF Materials Corporation's ("GAF"), Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 17]. Extensive memoranda in support of and in opposition to the motion have been filed by the parties. Having considered the written arguments of the parties and the record before the court, GAF's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New Jersey. It manufactures roofing materials, including asphalt roofing shingles marketed under the Timberline® brand name, in facilities located across the United States and sells these shingles nationwide. Plaintiff John Green ("Green") is a resident of Jacksonville, Florida, who alleges that he purchased Timberline shingles in 2005 to place on his home that were manufactured in Mobile, Alabama. In the Complaint [Dkt. No. 1], Green alleges that GAF warranted the

1

shingles for a period of at least thirty (30) years. Green further alleges that the shingles are defective because they are cracking, and they fail to meet ASTM International ("ASTM") standard 3462 based on testing conducted by an expert. Green acknowledges that he was unaware of the alleged defect in the shingles until the testing, which occurred shortly before the filing of his class action complaint. Green brings this putative class action against GAF asserting claims for negligence (count I); breach of express and implied warranties (counts II and III); and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (count IV) arising from GAF's sale of the allegedly defective roofing shingles.

## LEGAL STANDARD

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks

omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

**Negligence – Economic Loss Doctrine**

GAF contends that Green's negligence claim is barred by Florida's economic loss rule and, therefore, the court should dismiss this cause of action.

Under Florida law, "[t]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses" that result from "disappointed economic expectations" or "the loss of the benefit of the bargain." *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.,* 891 So.2d 532, 536 and n.1 (Fla. 2004). The rule bars recovery "(1) where the parties are in contractual privity and one party seeks to recover damages in tort for matters arising out of the contract, or (2) where the defendant is a manufacturer or distributor of a defective product which damages itself but does

3

not cause personal injury or damage to any other property." *Curd v. Mosaic Fertilizer, LLC*, 39 So.3d 1216, 1213 (Fla. 2010) (citing *Am. Aviation, Inc.*, 891 So.2d at 536).

The purpose of applying the economic loss rule in circumstances where the parties are in contractual privity is to prevent the parties from avoiding the allocation of losses agreed upon in the contract. *See Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1192 (M.D. Fla 2008) (citing *Am. Aviation, Inc.,* 891 So.2d at 536). "Accordingly, 'courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.' A tort action is not barred, however, when the tort is 'committed independently of the contract breach.'" *Id*. (citing *Am. Aviation, Inc.,* 891 So.2d at 537). Additionally, courts applying Florida law have barred recovery under the economic loss rule where the only "other property" damage alleged by the plaintiff includes the consequential costs associated with the replacement of the defective product. *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 742 (11th Cir. 1995) (finding that a plaintiff could not recover under a tort sounding in negligence for defective plywood used in a housing project where the only damages alleged consisted of the defective plywood and the costs associated with replacing the adjacent roofing materials); *Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244, 1246 (Fla. 1993).[1]

Here, the parties dispute whether Green has adequately alleged damage to "other property" to survive dismissal. GAF vigorously contends that Green has not alleged any damages related to the purported defect associated with the ASTM representation aside from the alleged cracking of the shingles. First, GAF notes that Green does not allege anywhere in the

---

[1] Green's reliance on *In re Chinese Manufactured Drywall Products Liab. Litig*., 680 F. Supp. 2d 780, (E.D. La. 2010), is misplaced. In deciding *In re Chinese Manufactured Drywall Products Liab. Litig.*, the United States District court for the Eastern District of Louisiana actually found that the plaintiff had sufficiently alleged damages other than those that occurred to the product itself. Here, Green has made no such claim.

4

Complaint that his roof has exhibited any leaking or that Green has actually experienced any damage as a result of the alleged defect in the shingles.

Contrarily, Green implores the court to focus exclusively on the allegations of the Complaint and specifically claims that he has sufficiently alleged the requisite damage to other property. In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [Dkt. No. 23], Green contends that his allegation in the complaint that the allegedly "defective roof shingles have caused actual and consequential damages" is sufficient to withstand dismissal. *Id*. at 8. He further explains that

> It is apparent from the Green Complaint that any product failure of the shingle would also damage other items on or in the home (e.g., rafters, ceiling tiles, furniture, floors, and items of personal property). The specific details of a cause of action are not required to be pled but rather facts sufficient to place a Defendant on notice of the nature of the claims.

*Id*. Other than conclusory statements concerning speculative and hypothetical damage to Green's property and that of the putative class members, the court finds that Green has failed to sufficiently allege any damage to "other property." Additionally, it is undisputed that this case does not involve any allegations of personal injury. Without any allegation of actual injury to property other than the defective product itself and the consequential damages resulting from the replacement of the defective product, Green has presented the court with merely a negligence action that is consistently barred by Florida law.

Green further urges the court to allow his negligence claim to survive dismissal because he has made additional allegations concerning fraud and deceit against GAF. Indeed, Florida law recognizes several exceptions to the economic loss rule including claims for intentional torts, such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent. *Am. Aviation*, 891 So.2d at 543. However, such claims must stand

independently. *Id*. at 537; *see also* 27 FLA. JUR. 2D *Fraud and Deceit* § 11. Accordingly, Green's allegations of fraud and deceit do not save his negligence claim from the consequences of the economic loss rule.

Finally, Green argues that the economic loss rule does not apply where the complaint contains allegations of code violations. Green correctly notes that a statutory claim for a code violation may withstand a motion to dismiss founded on the economic loss rule. *See Stallings v. Kennedy Electric, Inc.,* 710 So.2d 195, 197 (Fla. 5th Dist. Ct. App. 1998) ("The economic loss rule does not apply to statutory causes of action and should not be used as a sword to defeat them."), *aff'd* 753 So.2d 1219 (Fla. 1999). However, Green has not asserted any cause of action against GAF for any code violations. Therefore, Green can find no escape from the economic loss rule for his negligence and strict liability claims under this theory either.

Based on the application of Florida's economic loss rule, the court must dismiss Green's negligence claims against GAF.[2]

**Warranty Claims**

GAF seeks dismissal of Green's causes of action for breach of express warranty and breach of implied warranty under the premise that Florida law requires privity of contract to recover on a warranty claim and Green has failed to plead any factual allegations of the existence of privity between him and GAF.

    **A. Privity of Contract**

Florida law is well-established that a plaintiff must be in privity of contract with the defendant to recover on an implied warranty claim. S*ee Mardegan v. Mylan, Inc*., No. 10–

---

[2] In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [Dkt. No. 23, at 11-12], Green argues that any statute of limitations analysis as to his negligence claim would be premature at this stage of the litigation. The court finds it unnecessary to address this issue because GAF did not raise it as a basis for dismissal.

14285–CIV, 2011 WL 3583743, at *6 (S.D. Fla. Aug 12, 2011) (citations omitted). Green does not include any allegations in the Complaint that would allow the court to determine whether privity exists between him and GAF. In Green's Complaint, he merely states that "John Green chose to place new shingles on his home in 2005. The shingles he purchased were GAF Timberline shingles manufactured at GAF's Mobile Plant." *See* Complaint, at ¶ 21. However, the Complaint never clearly alleges that the shingles were purchased from GAF. Green's failure to adequately plead the element of privity in support of his breach of implied warranty claim is fatal under Florida law and, therefore, the claim must be dismissed. *See Freeman v. Olin Corp.*, No. 5:12–cv–6–RS–GRJ, 2012 WL 1987019, at *1 (N.D. Fla. May 3, 2012) ("Failure to plead contractual privity in the complaint merits dismissal of an implied warranty claim under Rule 12(b)(6).") (collecting cases).

The law is not as equally settled in Florida as to the necessity of privity in breach of express warranty claims. Some courts have interpreted Florida law to require privity in breach of express warranty cases. *See, e.g. Mardegan*, 2011 WL 3583743, at *6 (collecting cases and quoting *Weiss v. Johansen*, 898 So.2d 1009, 1011 (Fla. 4th Dist. Ct. App. 2005) (stating that "in order to recover for the breach of a warranty either express or implied, the plaintiff must be in privity of contract with the defendant.")). Other courts have observed exceptions under Florida law allowing breach of express warranty claims despite the lack of privity. *Id.* (collecting cases and quoting *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1343 (S.D. Fla. 2009) (applying Florida law and denying a motion to dismiss an express warranty claim on lack of privity based on "the particular facts of the case")). The court cannot determine, without further factual development, whether or not Green's express warranty claim is of such character as to

7

except it from the privity requirement. Accordingly, the court will not dismiss his breach of express warranty claim for failure to adequately plead privity in his Complaint.

### B. Warranty Disclaimer

GAF next contends that, even assuming Green can plead the requisite contractual privity, the court should dismiss Green's warranty claims because GAF effectively disclaimed all express and implied warranties except as set forth in GAF's Limited Warranty.

Florida statutory law allows for the exclusion or modification of warranties. Florida Statute § 672.316 provides, in part,

> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but, subject to the provisions of this chapter on parol or extrinsic evidence (§672.202), negation or limitation is inoperative to the extent that such construction is unreasonable.
>
> (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in case of a writing must be conspicuous; and, to exclude or modify any implied warranty of fitness, the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
>
> 3) Notwithstanding subsection (2): (a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is" or "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. . . .

In his Complaint, Green specifically alleges that he "purchased a roofing system which is warranted by GAF as a 30-year or longer roofing system." Complaint, at ¶ 38. As represented by Linda Marion, the GAF Smart Choice Shingle Limited Warranty ("Smart Choice Warranty")

8

[Dkt. No. 17-6][3] was affixed to every package of GAF shingles.  The Smart Choice Warranty explicitly limits coverage and provides for a "**Sole and Exclusive Warranty**" that is "EXCLUSIVE AND REPLACES ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE."  *Id*.  (emphasis in original).

Upon review of the disclaimer in the Smart Choice Warranty document that GAF contends was affixed to the packaging of the shingles, the court finds that the disclaimer complies with the statute allowing exclusion or modification of warranties.  Specifically, the disclaimer appears in all capital letters directly below a heading captioned in bold type.  Indeed, Green does not even refute GAF's argument that the disclaimer complies with the statutory requirements.  Instead, Green argues that GAF's disclaimer and efforts to limit its express warranties fail because the Smart Choice Warranty is unconscionable.

Incorporating the arguments from Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71],[4] Green contends that the warranty disclaimers and remedial limitations found in GAF's Smart Choice Warranty are unconscionable and unenforceable against him and members of the purported class because GAF knew of the alleged defects in the shingles when it sold them and concealed the defects from consumers to induce sales and avoid its obligations under its warranty.

---

[3] The GAF Smart Choice Shingle Limited Warranty is attached as Exhibit A to the Affidavit of Linda Marion submitted by GAF in support of its motion.  Green has not disputed the authenticity of the document and has referred to GAF's warranty in his Complaint.

[4] GAF generally complains that Green's reliance on Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments violates certain page limitations established by this court's Local Civil Rules.  However, GAF has not suggested or requested any action from this court for the alleged violation of the Local Civil Rules.

9

An action for unconscionability requires a party to demonstrate both substantive and procedural unconscionability. *Complete Interiors, Inc. v. Behan*, 558 So.2d 48, 52 (Fla. 5th Dist. Ct. App. 1990) (internal citations omitted). "Substantive unconscionability generally can be established by alleging and proving that the terms of a contract are onerous, unreasonable or unfair. Procedural unconscionability speaks to the individualized circumstances surrounding each contracting party at the time the contract was executed." *Id.*

In the Complaint, Green makes several allegations regarding GAF's knowledge concerning the alleged defective condition of the shingles. *See generally*, Complaint. However, the court finds that Green's unconscionability arguments concerning the Smart Choice Warranty or any other warranty purportedly provided by GAF are not adequately alleged in the Complaint and may not be considered in determining this motion to dismiss. Notwithstanding the foregoing analysis, Green's failure to plead unconscionability does not warrant dismissal of Green's breach of express warranty claim on this basis. *See supra*, Privity of Contract discussion.

Furthermore, Green notes that Florida law requires a disclaimer of warranties in the sale of consumer goods to be part of the basis of the bargain between the parties. *See Knipp v. Weinbaum*, 351 So.2d 1081 (Fla. App. 1977). There is presently no evidence in the record from which the court could determine whether the disclaimer was actually part of the basis of the bargain. At this stage of the litigation, the court must simply determine whether or not Green has pleaded his breach of express warranty claim with sufficient plausibility. The court finds that Green has done so, and he may proceed with his breach of express warranty cause of action.

**Florida Deceptive and Unfair Trade Practices Act**

GAF seeks dismissal of Green's FDUTPA cause of action on the ground that Green fails to plead his claim with the requisite particularity.

FDUTPA claims are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). *See e.g., Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002). The rule requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

> While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Upon review of the Complaint, the court finds that the majority of Green's claims of fraudulent conduct do not meet the heightened standard of Rule 9(b). Although Green's Complaint contains copious allegations concerning GAF's advertising, marketing, and fraudulent concealment of information, Green fails to specify the time, place, or manner of these alleged fraudulent activities. In fact, Green's Complaint predominantly rests on broad assertions regarding GAF's conduct in other litigation. Green's allegations against GAF regarding its alleged general marketing and distribution fail the pleading standard of Rule 9(b) and cannot support Green's FDUTPA cause of action.[5] Accordingly, Green's FDUTPA claim is dismissed.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 17]. The court grants GAF Materials Corporation's Motion to Dismiss Plaintiff John Green's negligence, breach of implied warranty, and Florida

---

[5] Because the court finds that Green fails to sufficiently allege his FDUTPA claim under Rule 9(b), the court need not address GAF's statute of limitations argument.

Deceptive and Unfair Trade Practices Act causes of action without prejudice.[6] However, the court denies GAF Materials Corporation's request to dismiss Green's breach of express warranty claim.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 20, 2013
Greenville, South Carolina

---

[6] Should Green seek leave to amend his complaint to address the deficiencies noted by the court in this order, and the court grant such action, Green may not include in the pleading any claim for a code violation which does not apply to manufacturers.